# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

__Richard Roberts, Jr__
*Defendant*
v.

**ORDER OF DETENTION PENDING TRIAL**

Case Number: __12-30083__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__2/10/12__
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Richard Roberts Jr. Order of Detention

This is a presumption case. Defendant is charged by way of criminal complaint with Felon in Possession of a Firearm, Possession of a Firearm n Furtherance of a Drug Trafficking Crime, and Possession With Intent to Distribute a Controlled Substance.

Defendant is 43 years old, divorced, and the father of five children. He resides with his girlfriend, Ms. Bobo, and their two children. He has been a resident of this District for 23 years, but could not recall any previous addresses. He is from Alabama which is where his sister and his parents reside.

Defendant has been unemployed for the past five years and claims to be financially dependent upon his girlfriend. He reports no assets and no liabilities.

Defendant is currently on probation and is being supervised out of Detroit following a conviction of Felony Controlled Substances to which he pled guilty in 2010. A warrant has been issued as a result of these current charges.

Defendant's criminal record is compelling. It contains five felony convictions, four for drug offenses and one for felonious assault. This puts Defendant into the armed career criminal category for sentencing guideline purposes. As a career criminal Defendant is facing a 15 year mandatory minimum on the current charges.

The testimony by the case agent at the detention hearing established that two state search warrants were executed simultaneously at two separate residences on February 1, 2012. One was executed at Defendant's home address on Kentucky Street in the City of Detroit, and the other was executed at his second address on Westbrook in the City of Detroit.

At the Kentucky Street address, 2 loaded semiautomatic weapons were recovered, one found in a drop ceiling in the dining room along with $2500 cash and 81 grams of packaged heroin, in addition to a digital scale, ammo, and narcotics paraphernalia. The other weapon was found in his bedroom next to his bed.

When the search was executed at the Westbrook address Defendant along with two other women were found in the home. Two loaded firearms were seized from the basement which were found hidden in the duct work, along with heroin packaged for sale, crack cocaine packaged for sale, and pills. All drugs were field tested and positively identified.

At the time of the execution of the search warrant on Westbrook, Defendant waived his rights and admitted to selling drugs (heroin and cocaine) in the Westbrook location which were provided from the Kentucky residence for the past 1 and ½ years. He admitted to making approximately $2000 weekly in drug sales for the past 10 years. Defendant also admitted that the guns were for his protection and belonged to him, that the drugs at the Kentucky residence were his, and that he had been selling drugs for the past 10 years.

Defendant argues for bond with a strict curfew and a tether, stating that he did not attempt to flee when arrested by the agents. Defendant also argues that after his arrest he was released, only to be picked up 9 days later, which supports his contention that he is not a risk of flight. Defendant further argues that he has no history of missing any of his court dates.

Notwithstanding Defendant's arguments, Defendant has not rebutted the presumption of detention. Defendant is a career criminal by the guideline calculations and this is a presumption case. Defendant has no visible means of employment, no legitimate income, no ties to the community, and an extensive criminal record involving drugs, weapons, and violence. Defendant admitted that the drugs were his, that he has sold heroin and cocaine for ten years, that the four loaded guns were his and that he kept them for personal protection. Defendant has five felony convictions, four of which are drug related and one of which involves a felonious assault, and continues to be a danger to the community with his ongoing involvement with the sale and distribution of illegal narcotic drugs. Defendant is currently under probation supervision and has been violated as a result of the instant charges.

There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance in Court; therefore Detention is Ordered.